UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JASON BECK, et al.<br><br>　　　　　　　　Plaintiffs,<br><br>v.<br><br>CAMP PENDLETON AND QUANTICO HOUSING, LLC, et al.<br><br>　　　　　　　　Defendants. | Case No.:   20cv579-LAB (WVG)<br><br>**ORDER DENYING MOTION TO DISMISS**<br><br>**[DOCKET NUMBER 33.]** |

   This case is related to case 20cv567, *Clover v. Camp Pendleton and Quantico Housing*, though the actions are not consolidated. It was originally filed in California state court, but Defendants removed it, citing federal enclave, federal agency, and federal officer jurisdiction.

   The parties in this action and *Clover* are represented by the same law firms, and the claims are similar, though not exactly the same.  Although each case concerned slightly different maintenance issues, in both cases residents of military housing are suing the contractors who leased them the housing and were responsible for maintaining it.

   In *Clover*, the plaintiffs alleged that because of poor maintenance, their home was infested with mold, which injured them. In this case, the plaintiffs are alleging

failure to disclose building defects that resulted in excessive moisture intruding into their home, and for failing to correct the defects after Plaintiffs moved in. They allege that the property had problems with kitchen leaks, lack of running water, damp floors and ceilings, and water collecting under linoleum. They also allege that the air conditioner did not function properly, and that the property harbored harmful dust mites. They bring their claims under slightly different state law theories, but the analysis necessary for adjudication of the two motions is the same.

In this case, as in *Clover*, Defendants filed a motion to dismiss under Fed. R. Civ. P. 12(b)(1). (Docket no. 33.) They argue that, as government contractors acting within the scope of Congressionally-delegated authority, they are entitled to derivative immunity under *Yearsley v. W.A. Ross Constr. Co.*, 309 U.S. 18 (1940) and its progeny. They also argue that they are entitled to the benefit of the "discretionary function" exception to the Federal Tort Claims Act (FTCA), as provided in 28 U.S.C. § 2860(a).

As in *Clover*, the United States filed a statement of interest pursuant to 28 U.S.C. § 517, in the form of a brief with attached evidence. (Docket no. 43.) The government takes the position that Defendants are not entitled to immunity. Defendants filed a reply to the government's statement. The motion is now fully briefed and ready for decision.

The briefing and arguments are substantially the same as in *Clover*. While the claims are somewhat different, Defendants' motions are materially indistinguishable. A complete, reasoned order is being issued in *Clover* contemporaneously with this one, and it denies Defendants' motion in that case. The Court's reasoning there applies with equal force here.

It is unclear whether *Yearsley* immunity is jurisdictional, but whether it is or not, Defendants' motion cannot succeed. If it is not jurisdictional, Defendants cannot properly seek dismissal in a Rule 12(b)(1) motion relying on evidence. But

even if it is, Defendants are not entitled to *Yearsley* immunity. The FTCA does not cover these claims. For the same reasons as the motion to dismiss is being denied in *Clover*, Defendants' motion to dismiss this action (Docket no. 33) is **DENIED** as well.

**IT IS SO ORDERED**.

Dated:  March 12, 2021

Honorable Larry Alan Burns
United States District Judge