# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KALI BECK, et al., <br><br> Plaintiffs, <br><br> v. <br><br> CAMP PENDLETON & QUANTICO HOUSING, LLC, et al., <br><br> Defendants. | Case No.: 20-CV-579-LAB-WVG <br><br> **REPORT AND RECOMMENDATION ON PETITION FOR MINOR'S COMPROMISE** |

Pending before the Court is the Parties' Petition for Minor's Compromise ("Petition"), which was timely filed consistent with the Court's October 13, 2022 Order. (Doc. No. 71.) Pursuant to Rule 17(c) of the Federal Rules of Civil Procedure and Civil Rule 17.1 of this District's Civil Local Rules, the Court has carefully reviewed and considered the terms of the Parties' Petition as it relates to the settlement amounts for each of the two minors, J.B. and S.B. Having done so, the Court finds the Petition is fair and reasonable. Accordingly, the Court RECOMMENDS that the Petition for Minor's Compromise be GRANTED and explains below.

///
///
///

1

Under Rule 17(c) of the Federal Rules of Civil Procedure, district courts have a special duty to safeguard the interests of litigants who are minors. Fed. R. Civ. P. 17(c); *Robidoux v. Rosengren*, 638 F.3d 1177, 1181 (9th Cir. 2011). In settlement contexts, this special duty triggers district courts to conduct an independent inquiry to determine whether the "settlement serves the bests interests of the minor." *Dacanay v. Mendoz*, 573 F.2d 2075, 1080 (9th Cir. 1983). This independent inquiry must stand "even where the settlement has been recommended or negotiated by the minor's parent or guardian ad litem." *Lobaton v. City of San Diego*, 2017 WL 2610038 (S.D. Cal. June 16, 2017) (citing *Salmerson v. United States*, 724 F.2d 1357, 1363 (9th Cir. 1983).). Ninth Circuit precedent establishes that courts considering petitions for minor's compromise should "limit the scope of their review to the question whether the net amount distributed to each minor plaintiff in the settlement is fair and reasonable, in light of the facts of the case, the minor's specific claim, and recovery in similar cases." *Hernandez v. United States*, 2020 WL 6044079, at *2 (S.D. Cal. Oct. 13, 2020) (citing *Robidoux*, 638 F.3d at 1181-82)). Courts need not consider "the proportion of the total settlement value designated for adult co-plaintiffs or plaintiffs' counsel – whose interests the district court has no special duty to safeguard." *Id*. (citing *Dacanay*, 573 F.2d at 1078).

Plaintiffs allege their lease of a property located in Twenty Nine Palms, California, as owned and/or managed by Defendants, subjected Plaintiffs to conditions that caused personal injury to Plaintiffs, resulted in Plaintiffs' loss of property, and ultimately rendered the property uninhabitable. Exhibits A and B constitute California Judicial Counsel Form MC-350 as respectively completed on behalf of minors S.B. and J.B[1]. The Exhibits reveal

---

[1] Plaintiff H.B. was a minor as of the date of the Complaint's filing on March 26, 2020. Since then, Plaintiff H.B. has reached the age of majority. For this reason, the Court considers the reasonableness and fairness of the Petition only as to Plaintiffs S.B. and J.B., who remain minors as of the date of this Recommendation's issuance.

the two minors stand to each receive a net settlement award of $3,750[2]. Exhibit A alleges that, as a result of living at the property, S.B. experienced emotional distress, chronic headaches, congestion/ allergy-type symptoms, and insomnia." (Doc. No. 71-1, Exhibit ("Exh.") A.) Exhibit A adds that, while S.B. also suffers from Postural Orthostatic Tachycardia Syndrome ("POTS"), "the doctor could not confirm that her POTS was caused by mold exposure." (*Id*.) Exhibit B alleges that, as a result from living at the property, J.B. experienced sleep apnea, chronic congestion, and occasional difficulty breathing when he gets sick. (Doc. No. 71-1, Exh. B.) Exhibit B adds that J.B. has not needed to use his rescue inhaler for almost a year to date, and that "doctors were unable to confirm that the issue [of breathing with difficulty] was caused by mold exposure." (*Id*.)

To evaluate the Parties' Petition here, the Court has surveyed other petitions for minor's compromise in cases asserting similar claims and damages and comparable proposed settlement values as to minor litigants. *Tipton v. Camp Pendleton & Quantico Hous.*, LLC, 2022 WL 5133481, at *4 (S.D. Cal. Oct. 4, 2022) (granting petition for minor's compromise and approving proposed settlement of $3,750 to each minor for premises liability, negligence, and related claims where minors' symptoms fully resolved); *Angstman v. Carlsbad Seapoint Resort II, L.P.*, 2011 WL 13356100, at *1 (S.D. Cal. Aug. 25, 2011) (granting petition for minor's compromise directing $750.00 of gross recovery to each minor where minors had no specialized medical needs and did not suffer physical injuries as a result of the alleged claims); *Lobaton v. City of San Diego*, 2017 WL 2610038, at *1 (S.D. Cal. June 16, 2017) (approving petition for minor's compromise after finding $10,000 settlement award to minor fair and reasonable in light of minor's emotional distress and negligent infliction of emotional distress claims).

---

[2] Specifically, as to each of the two minors, the Petition provides for a settlement award of $5,000 less attorney's fees amounting to $1,250. The Court observes the proportionality between the settlement award and the attorney's fees is reasonable but excludes this consideration from its evaluation of the Petition, consistent with Ninth Circuit precedent as cited herein.

Based on these recoveries in analogous actions, Plaintiffs' claims against Defendants, and the non-severe nature of S.B. and J.B.'s alleged injuries, the Court concludes the proposed settlement of $3,750 to each minor litigant is fair and reasonable under Rule 17(c). Further, the Court finds Plaintiffs' proposal that the "net settlement balance for minor Plaintiffs [] be held in trust by their parents Jason Beck and Kali Beck until the minor plaintiff reach the age of majority" sufficiently safeguards Plaintiffs S.B. and J.B.'s interests consistent with California Probate Code section 3611(e). Cal. Prob. Code § 3611(e) (permitting "all or any part of the money and other property be paid or delivered to a parent of the minor… where such "remaining balance… does not exceed five thousand ($5,000) in value"); *Tipton*, 2022 WL 5133481, at *4 (S.D. Cal. Oct. 4, 2022) (approving petition for minor's compromise and disbursement of settlement proceeds to minor plaintiffs' father to "maintain the minors' settlements in a trust until the minors reach the age of majority, where each minor plaintiff's estate was valued at less than $5,000"); *Whale v. Lincoln Mil. Prop. Mgmt. LP*, 2022 WL 1746613, at *5 (S.D. Cal. May 31, 2022), report and recommendation adopted sub nom. *Whale v. Lincoln Mil. Prop. Mgmt. L.P.*, 2022 WL 3137933 (S.D. Cal. June 6, 2022) (approving petition for minor's compromise and commenting "proposed procedure for disposition of the funds—delivering them to be held in trust by the parents until Minor Plaintiffs reach the age of majority—is consistent with the California Probate Code, because the resulting net estate for each minor is less than $5,000."). Accordingly, the Court RECOMMENDS the Parties' Petition for Minor's Compromise be GRANTED and REFERS this matter for final disposition to presiding District Judge Larry Alan Burns.

**IT IS SO ORDERED**.

Dated: November 14, 2022

_____
Hon. William V. Gallo
United States Magistrate Judge

4

20-CV-579-LAB-WVG